IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD EADDY,

                Petitioner,

    v.

STEVEN GLUNT et al.,

                Respondents.

CIVIL ACTION
NO. 15-1399

## OPINION

**Slomsky, J.**                                                        **June 28, 2016**

## I.     INTRODUCTION

Before the Court is the pro se Petition for Writ of Habeas Corpus of Petitioner Reginald Eaddy, a state prisoner, filed pursuant to 28 U.S.C § 2254.  (Doc. No. 1.)  United States Magistrate Lynne A. Sitarski issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued.  (Doc. No. 15.) Plaintiff has filed an Objection to the R&R.  (Doc. No. 16.)  Following the filing of the R&R, Petitioner also filed a Motion for Leave to Amend the Petition.  (Doc. No. 18.)  For the reasons stated below, the Court will approve and adopt the R&R (Doc. No. 15), and deny the Petition (Doc. No. 1) and the Motion for Leave to Amend the Petition (Doc. No. 18).[1]

---

[1] For the purposes of this Opinion, the Court has considered Petitioner's pro se Petition for Habeas Corpus (Doc. No. 1), the Response to the Petition for Writ of Habeas Corpus (Doc. No. 13), Petitioner's Reply to the Response (Doc. No. 14), Magistrate Judge Sitarski's Report and Recommendation (Doc. No. 15), Petitioner's Objection to the Report and Recommendation (Doc. No. 16), Petitioner's Motion for Leave to Amend the Petition (Doc. No. 18), and the pertinent state court record.

## II.      BACKGROUND

On September 30, 2010, Petitioner Reginald Eaddy was sentenced to a combined term of twenty to forty years' imprisonment after he was convicted of three counts of robbery in state court.   (Doc. No. 13-1.)   The convictions stemmed from a 2009 armed robbery in which Petitioner and an accomplice stole money, credit cards, and keys from three victims inside one of the victim's home.  (Id. at 3.)   On July 2, 2012, the Pennsylvania Superior Court affirmed his conviction and sentence on appeal.  (Id. at 1.)

On April 2, 2013, Petitioner filed a pro se petition in the Philadelphia Court of Common Pleas for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541.  (Doc. No. 13-2 at 4.)   In his PCRA petition, Petitioner claimed that he was entitled to relief because of trial counsel's ineffective assistance.  (Doc. No. 15 at 3-4.)   On February 21, 2014, the PCRA court dismissed the PCRA petition as meritless.  (Id. at 4; Doc. No. 13-2 at 5.) On March 5, 2014, Petitioner appealed the PCRA court's decision to the Pennsylvania Superior Court, asserting that counsel was ineffective for not challenging the sufficiency of the evidence that led to his conviction, as well as whether he was "entitled to remand to the PCRA court in light of after-discovered evidence."   (Doc. No. 13-2 at 5.)   On January 15, 2015, the Pennsylvania Superior Court affirmed the PCRA court's decision and denied remand.  (Id. at 2, 8-9.)

On March 9, 2015 Petitioner filed the present Petition for Writ of Habeas Corpus, asserting that there was insufficient evidence to convict him at trial and that "after discovered evidence support[ed his] factual innocence."  (Doc. No. 1 at 5-6.)   On April 22, 2015, this case was referred to Magistrate Judge Sitarski for an R&R.  (Doc. No. 3.)   On October 29, 2015, Respondents filed a Response to the Petition (Doc. No. 13.), and on January 8, 2016, Petitioner filed a Reply (Doc. No. 14).

2

On May 5, 2016, Magistrate Judge Sitarski issued the R&R, recommending that the Petition be denied and that no certificate of appealability issue.  (Doc. No. 15.)  In the R&R, Magistrate Judge Sitarski determined that the insufficiency of the evidence claim was meritless, and that the actual innocence claim was non-cognizable on federal habeas review.  (Id. at 7.)  On May 20, 2016, Petitioner filed an Objection to the R&R, as well as a Motion for Leave to Amend the Petition.  (Doc. Nos. 16, 17.)  For the following reasons, the R&R will be approved and adopted, and the Petition and Motion for Leave to Amend the Petition will be denied.

## III.   STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas Petition may not be granted on any claim which was adjudicated on the merits in State court proceedings unless Petitioner can show that the adjudication of the claims either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Woodford v. Visciotti, 537 U.S. 19, 21 (2002).  Under the AEDPA, review of state court legal and factual determinations is highly deferential.  See Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) ("'[T]he AEDPA requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations.'  Factual determinations made by the state court are presumed to be correct, but may be rebutted by clear and convincing evidence.") (internal quotation omitted).  If a state court did not adjudicate a claim on the merits, however, the deferential standard of the AEDPA does not apply.  Id.  Rather, in such cases, "the federal habeas corpus court must conduct a de novo review over pure legal questions and mixed questions of law and fact . . ."  Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's report and recommendation.  Id. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions."  Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper."  Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

4

IV.     **ANALYSIS**

**A. The Objection to the R&R Is Without Merit**

In his Objection to the R&R, Petitioner only objects to Magistrate Judge Sitarski's finding that Petitioner's actual innocence claim based on after-discovered evidence was non-cognizable on federal habeas review.  (Doc. No. 16.)  Petitioner had argued that there is an affidavit from one of the victims stating that some property that was allegedly stolen was found in her house several days after the robbery.  (Doc. No. 14 at 1-2.)  This newly discovered evidence, according to Petitioner, proves his actual innocence and thus his conviction should be vacated.  (Id.) Magistrate Judge Sitarski recommended denying this claim because it is a freestanding claim of actual innocence, which is not a cognizable claim under the federal habeas corpus statute.  (Doc. No. 15 at 16-18.)  The Court agrees with Magistrate Judge Sitarski.

Under federal habeas jurisprudence, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings." Herrera v. Collins, 506 U.S. 390, 400 (1993); see also Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004).  The United States Supreme Court explained that "[t]his rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." Herrera, 506 U.S. at 400.  Although a court does not cast a "blind eye towards innocence," a claim of actual innocence based on newly-discovered evidence must involve an occurrence of a constitutional violation.  Id. at 404.

Here, Petitioner has not claimed that his constitutional rights were violated by the post-trial discovery of new evidence—specifically, a 2014 affidavit from one of the victims that she

found the stolen keys several days after the robbery.  Magistrate Judge Sitarski is correct that this freestanding claim of actual innocence, absent a claim of a constitutional violation, does not fall under the purview of federal habeas review pursuant to <u>Herrera</u>.

In his Objection, Petitioner responds to the R&R by speculating that the prosecution might have withheld this evidence in violation of his Fourteenth Amendment rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and also that trial counsel provided ineffective assistance in violation of Petitioner's Sixth Amendment rights by failing to procure the affidavit at issue (which, the Court notes, was made over three years after Petitioner's conviction).  (Doc. No. at 2-3.)  These speculations and novel theories are presented to the Court for the first time in Plaintiff's Objection, and therefore the Court will not review them.  <u>See</u> E.D. Pa. Civ. R. 71.1(IV)(c).

Accordingly, the Court will adopt Magistrate Judge Sitarski's recommendation to deny federal habeas relief as to this claim.

**B.  Petitioner's Motion to Amend the Petition Will Be Denied**

Petitioner also has filed with his Objection a Motion for Leave to Amend the Petition. (Doc. No. 18.)  Petitioner seeks to include a new claim that trial counsel provided ineffective assistance, in violation of Petitioner's Sixth Amendment rights, for failing to question a trial witness as to whether she eventually found one of the items that Petitioner stole during the robbery.  (<u>Id.</u> at 2.)  Petitioner's Motion will be denied.

As an initial matter, the District Court's Local Rules counsel against allowing Petitioner to Amend the Petition by adding new claims.  Local Rule 72.1(IV)(c) of this Court provides that after a Magistrate Judge's recommendations are filed, "new issues and evidence shall not be raised . . . if they could have been presented to the magistrate judge."  Here, Petitioner was well

aware that he could have brought this ineffective assistance of counsel claim in his Petition. Petitioner litigated his ineffective assistance of counsel claims before the PCRA court and again on appeal before the Pennsylvania Superior Court, including his actual innocence claim as allegedly proven by the victim's affidavit.  However, Petitioner made the conscious decision not to raise that claim in his Petition for habeas review.  (See Doc. No. 13-2 at 5, 8-9.)

More importantly, Petitioner will not be permitted to amend his Petition to include the new claim under Federal Rule of Civil Procedure 15.  The United States Supreme Court requires that any amendment to a habeas petition that would otherwise be untimely will not "relate back" to the timely filing of the original Petition under Rule 15 if "it asserts a new ground for relief supported by facts that differ in both time and type from those the original [Petition] set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005).  The Supreme Court specifically rejected a broad reading of Rule 15 in the habeas context and narrowed the allowance of such amendments to when the new claims "arise from the same core facts as the timely filed claims."  Id. at 657.  The Supreme Court emphasized that these same core facts were not to relate solely to the "petitioner's trial, conviction, or sentence."  Id. at 656.

Here, Petitioner's new claim to his proposed amended petition is not permissible under Mayle.  His Petition asserts that he was actually innocent of the January 3, 2009 crimes for which he was convicted.  His proposed new claim alleges that trial counsel was ineffective for not asking specific questions during Petitioner's trial that resulted in his August 18, 2010 conviction.  These are not "the same core facts," and they "differ in both time and type."  See id. at 650, 657.  Therefore, Petitioner's Motion for Leave to Amend the Petition, which also was submitted after Magistrate Judge Sitarski filed her R&R, will be denied.

**V.      CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Sitarski's Report and Recommendation and will deny Petitioner's Petition for Writ of Habeas Corpus and Motion for Leave to Amend the Petition.  An appropriate Order follows.